954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Richard HEILFURTH, Defendant-Appellant.
 No. 91-50345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1992.*
Decided Feb. 11, 1992.
 
 Before WALLACE, Chief Judge, JAMES R. BROWNING and FERGUSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Heilfurth appeals from his sentence imposed after he was convicted of two counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). When sentencing him, the district court rejected Heilfurth's request for a two-level reduction in his base offense level for acceptance of responsibility. That rejection is the only issue before us. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 We review the sentencing court's denial of a two-level decrease for acceptance of responsibility for clear error. United States v. Molina, 934 F.2d 1440, 1450 (9th Cir.1991) (Molina). The Sentencing Guidelines direct the sentencing court to reduce a defendant's offense level by two levels if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." United States Sentencing Commission, Guidelines Manual, § 3E1.1(a) (Nov. 1990) (U.S.S.G.). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Id. § 3E1.1, comment. (n. 2). However, a defendant may not be denied the reduction solely because he chose to exercise his sixth amendment right to trial, Molina, 934 F.2d at 1450 n. 12, and may in "rare situations" still demonstrate acceptance of responsibility after trial where, "for example, [ ] a defendant goes to trial to assert and preserve issues that do not relate to factual guilt...." U.S.S.G. § 3E1.1, comment. (n. 2).
 
 
 3
 Heilfurth argues that his case is one of those "rare situations" where one can successfully express remorse after trial. Heilfurth contends that he went to trial only to publicly reveal that his arrest traumatized his child. However, the record fails to support his contention. Heilfurth offered this reason only after the trial, on the eve of his sentencing. During the trial, Heilfurth's wife testified on his behalf, and the thrust of her testimony was that Heilfurth could not have robbed the banks. This testimony demonstrates that Heilfurth "put [ ] the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1, comment. (n. 2). This fact, coupled with Heilfurth's delay in accepting responsibility only after trial and a guilty verdict, show that the district judge did not clearly err.
 
 
 4
 Heilfurth also contends that the district court denied him a reduction for acceptance of responsibility because he exercised his constitutional right to trial. See Molina, 934 F.2d 1440, 1450 n. 12. A review of the record shows this contention to be false. The district court stated that a "defendant has a right to go to trial for whatever reason a defendant chooses," but that Heilfurth's reason did "not appear to be [one] contemplated in the guidelines." It is clear that Heilfurth was not denied a reduction solely because he went to trial.
 
 
 5
 For these reasons, we hold that the district court did not clearly err by denying Heilfurth a two-level decrease for acceptance of responsibility.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4